Filed 9/20/23  In re A.D. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.D., a Person Coming Under the Juvenile Court Law. | B326542 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.D.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 18CCJP04559B) |

APPEAL from an order of the Superior Court of Los Angeles County, Tara Newman, Judge.  Affirmed.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Bryan Mercke, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother appeals from the termination of her parental rights to daughter (born 2019). Mother contends the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with its inquiry duties under Welfare and Institutions Code section 224.2, subdivision (b)—the California statute implementing the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). Mother further contends the juvenile court failed to ensure compliance with ICWA. DCFS has submitted a concession letter in lieu of a respondent's brief, acknowledging mother's contentions have merit. We conditionally affirm the termination of parental rights and remand to allow DCFS to remedy the ICWA inquiry error, and for the juvenile court to determine anew whether ICWA applies.

### PROCEDURAL BACKGROUND

On April 21, 2021, DCFS filed a dependency petition under section 300, subdivisions (b) and (j), alleging mother's substance abuse and mental and emotional problems rendered her incapable of providing regular care to daughter, who was 18 months old at the time. The petition also alleged mother's older child was a prior dependent of the juvenile court due to the same history of substance abuse alleged in daughter's case.[1] The

---

[1] The court terminated its jurisdiction over mother's older child in 2019, and granted the child's father sole physical and legal custody with monitored visitation to mother.

2

juvenile court sustained the allegations regarding mother's mental and emotional problems and abuse of sibling.

In its various reports to the court, DCFS documented its communications with mother's family: (1) maternal grandmother Theresa D.; (2) maternal great cousin K.J.; (3) maternal aunt Keisha; (4) maternal great-aunt Carolyn D.; (5) maternal cousin David B.; and (6) maternal cousin Heather D. Mother provided DCFS with the names of maternal aunt Sylvia L. and maternal cousin Shay H. for placement purposes. She also provided contact information for maternal grandfather, Prince D., as well as a maternal uncle. DCFS's reports do not disclose that any relative was asked about daughter's Native American ancestry.

At a May 19, 2021, hearing conducted over WebEx, mother indicated that she had no reason to believe or know that daughter was an Indian child either through her ancestry or father's. The ICWA-020 form, Parental Notification of Indian Status, was completed that same day by mother via phone with counsel and mother indicated daughter was not an Indian child. The court found it had no reason to know daughter was an Indian child as defined under ICWA.

---

Daughter and the older sibling do not share a father. Mother initially refused to provide any information about daughter's father but later disclosed he lived in Las Vegas and knew daughter was his child. DCFS was ultimately unable to locate daughter's father and he is not a party to the proceedings.

On January 19, 2023, the juvenile court found daughter adoptable and terminated mother's parental rights. The court further found it had no reason to know or believe daughter was an Indian child as defined by ICWA. Thus, the provisions of ICWA did not apply. Mother timely appealed.

## DISCUSSION

On appeal, mother asserts DCFS failed to conduct an adequate inquiry under ICWA with her extended family members and the juvenile court failed to ensure ICWA compliance. DCFS agrees "the ICWA's inquiry provisions were not followed regarding the extended maternal family members" and requests this Court conditionally affirm the order terminating parental rights and remand the matter for additional ICWA inquiry.

We find there was noncompliance with the inquiry requirements of ICWA and related California provisions. Here, DCFS only inquired with mother regarding Native American ancestry. DCFS did not ask the available extended family members about heritage, which ICWA requires. (Welf. & Inst. Code, § 224.2, subd. (b); *In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)

## DISPOSITION

The January 19, 2023 termination of parental rights order is conditionally affirmed, and the matter is remanded to the juvenile court for the limited purpose of ensuring compliance

4

with the inquiry provisions of Welfare and Institutions Code section 224.2. The court shall order DCFS to complete an inquiry into daughter's Native American ancestry by making reasonable efforts to interview available extended family members. Nothing in this disposition precludes the court from ordering additional inquiry of available extended relatives or others having an interest in the child. If, after ICWA compliance, the juvenile court issues an order determining that ICWA does not apply, the order terminating parental rights shall remain in effect. If the court determines ICWA applies, it shall vacate the order and proceed in accordance with ICWA and related state law.

                                    RUBIN, P. J.

I CONCUR:


            MOOR, J.

5

In re A.D.

B326542

BAKER, J., Dissenting

I would affirm because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act does not apply. (*In re A.C.* (2022) 86 Cal.App.5th 130, 132 (dis. opn. of Baker, J.); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re H.V.* (2022) 75 Cal.App.5th 433, 439 (dis. opn. of Baker, J.).)

BAKER, J.